UNTIED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

Case No: 1:18-cv-24142-PCH

DANAE ROSALES GONZALEZ,

    Plaintiff,
v.

O GROUP, LLC,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO SHORTEN TIME TO RESPOND OR IN THE ALTERNATIVE TO MODIFY THE SCHEDULING ORDER

Plaintiff, DANAE ROSALES GONZALEZ (hereinafter "Plaintiff"), by and through undersigned counsel, hereby files her Motion to Shorten Time or in the alternative, to Modify the Scheduling Order ("Motion") [DE 12], and as grounds therefor, states:

### OVERVIEW & PROCEDURAL HISTORY

Plaintiff has sued Defendant for discrimination. The central issue in the instant litigation is; "Why did Defendant terminate Plaintiff's employment with Defendant?" The Plaintiff's Complaint alleges that her employment was terminated, at least in part, because she is pregnant. Defendant's position is that Plaintiff's employment was terminated for reason(s) not associated with her pregnancy.

On April 4, 2019, counsel for Defendants filed a motion to withdraw. [DE 21]. On April 5, 2019, the Court granted the motion and stayed the case pending appearance of

new counsel. [DE 5]. Ten days later on April 15, 2019, counsel for Defendant reappeared. [DE 25].

The discovery cut-off is June 4, 2019. The last day to serve discovery in order to meet the discovery cut-off was May 4, 2019.[1]

On May 6, 2019, Plaintiff took the deposition of Defendant's Corporate Representative ("O Group"). During the deposition, O Group identified documents such as emails, text messages, and other messages that were sent by the decision makers using an application called WhatsApp, regarding the decision to terminate Plaintiff's employment. Also during the deposition, O Group identified several other employees who were terminated prior to the Plaintiff.

Plaintiff has submitted two requests for production to Defendant; the first on April 20, 2019 and the second on April 26, 2019. Plaintiff submitted her third request for production (16 items) regarding documents that were identified during O Group's Corporate Representative's deposition on May 7, 2019. The requested documents are relevant to issue of why Plaintiff's employment was terminated and will also show the financial status of O Group.[2] A copy of the request for production is attached as **Exhibit "A."**

Counsel for Plaintiff reached out to Defendant regarding Plaintiff's Third Request for Production and to see if Defendant would take issue with the timing. Defendant's counsel responded that he would have to check with his client and also voiced his concern regarding prejudice to the Defendant and that "we will be tied up with your

---

[1] The dates stated are based upon a scheduling order entered by the Court and do not take into account the 10-day stay.
[2] O Group maintains that Plaintiff was fired for financial reasons.

discovery while we prepare dispositive motions." Defendant's counsel did not contact Plaintiff's counsel today.

In abundance of caution, Plaintiff has decided to file the instant motion.

## MEMORANDUM & DISCUSSION

Under Federal Rule of Civil Procedure 26, general discovery provisions, and Rules 33 and 34, governing the time to respond to interrogatories and requests to produce documents, the Court may order shortened the time to respond to discovery requests. Rule 26 generally acknowledges the Court's power to shorten time to respond to discovery. See Fed. R. Civ. Pro. 26. "Rule 26(d) clearly grants a trial court discretion to modify the normal time limitations that apply under the discovery rules where good cause is shown." *AT&T Mobility LLC v. Miranda Holdings Corp.*, 2008 WL 2139591 (S.D. Fla. May 7, 2008). Additionally, Rule 34(b)(2)(A) (Time to Respond) states:

> The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. **A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court**.

Fed. R. Civ. Pro. 34(b)(2)(A) (emphasis added).

Plaintiff's efforts to obtain discovery in the instant case has not been dilatory. Plaintiff served her interrogatories, request for admissions and her first request for production on April 20, 2019, five (5) days after counsel for the Defendant reappeared, and the case was un-stayed. Six (6) days later, Plaintiff filed her Second Request for Production after learning that a former employee (the HR Director) might have relevant information regarding the facts of the case.

Now, just one day after the deposition of the Corporate Representative, Plaintiff has served her Third Request for Production on Defendant. In Plaintiff's Third Request, she is seeking only documents that she was unaware existed and which documents are probative and essential to proving the allegation in her Complaint and well as disproving the claims or defenses of O Group. See **Exhibit "A."**

Additionally, while not dispositive, the Court should take notice that this matter was delayed for 10 days after counsel for the Defendant withdrew and then reappeared.

Plaintiff has shown good cause to grant the instant motion by drafting and sending the Third Request within a day and filing this motion within two (2) days of learning of the documents. If the Court grant's Plaintiff's Motion, it will not prejudice either party or the Court, and will only mildly modify the Court's scheduling Order.

Plaintiff's request is simply that the Court either modify the discovery deadline by adding three days or shorten the time for Defendant to Respond by three days, so that Plaintiff can review the relevant documents she is seeking in her Third Request for Production.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the instant Motion in its entirety, and grant Plaintiff such other and further relief as this Court deems just and proper.

SIGNATURE PAGE TO FOLLOW

Respectfully submitted May 8, 2019.

>By: s/ Lowell J. Kuvin
>Lowell J. Kuvin, Esq.
>Florida Bar No. 18175
>lowell@kuvinlaw.com
>esther@kuvinlaw.com
>*Law Office of Lowell J. Kuvin*
>17 East Flagler Street, Suite 223
>Miami, Florida 33131
>Tel.: 305.358.6800
>Fax: 305.358.6808
>*Attorneys for Plaintiff*

### CERTIFICATE OF COMPLIANCE WITH L.R. 7.1A.3

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. On May 7, 2019, Plaintiff's counsel emailed counsel for the Defendant regarding the issues in Plaintiff' Motion. Counsel for the Defendant stated that he would check with his client and get back to Mr. Kuvin, today. However, due that this is a time sensitive matter, and in abundance of caution, Plaintiff's counsel decided to file the instant motion and will keep the Court advised of any progress that is made regarding the relief Plaintiff is seeking.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 8, 2019, I electronically filed the foregoing document via CM/ECF which will automatically send a copy to all registered counsel in this case.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808