**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 18-cv-24142-HUCK/McAliley**

DANAE ROSALES GONZALEZ,

     Plaintiff,

vs.

O GROUP, LLC,

     Defendant.

_____/

**<u>Verified Motion for Attorney's Fees and Incorporated Memorandum of Law</u>**

Defendant, O Group, LLC, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 54, Local Rule 7.3 of the Southern District of Florida, 42 U.S.C. §2000e, 29 U.S.C. §794a and Section 760.021(4), Florida Statutes, hereby files Defendant's Verified Motion for Attorney's Fees and Incorporated Memorandum of Law and in support thereof states as follows:

**<u>Background</u>**

1.      On October 8, 2018, Plaintiff brought this instant action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") and the Florida Civil Rights Act, Section 760.01, *et seq.*, Florida Statutes, based on alleged discriminatory employment practices on the basis of pregnancy. [**D.E. 1**].

2.      On August 23, 2019, the Court entered the Order Granting Defendant's Motion for Summary Judgment [**D.E. 96**]. That same day, the Court entered Final Judgment [**D.E. 98**] in favor of Defendant and against Plaintiff, Danae Rosales Gonzalez. As Defendant is the prevailing party in this matter, Defendant is entitled to its attorney's fees and non-taxable costs incurred in litigating this case as Plaintiff's suit was frivolous, unreasonable and without foundation.

3.    This motion is timely made pursuant to Local Rule 7.3, within 60 days of this Court's final order.

4.    Defendant has filed, as **Exhibit "1"** to this Motion, all invoices evidencing that Defendant has incurred attorney's fees in the amount of $77,097.00, for which it seeks recovery.[1]

## Memorandum of Law

A. *Defendant is Entitled to Attorney's Fees from Plaintiff as Prevailing Party.*

Title VII of the Civil Rights Act of 1964, as part of its enforcement provisions, has a prevailing party clause. Specifically, 42 U.S.C. §2000e-5(k) provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

29 U.S.C. §794a(b) further provides:

> In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

As with Title VII, the Florida Civil Rights Act also has a prevailing party provision. Section 760.021(4), Fla. Stat., provides:

> The prevailing party in an action brought under this section is entitled to an award of reasonable attorney's fees and costs.

Defendant has prevailed in this matter. A party is a "prevailing party" for fee shifting purposes if he has achieved a sought after judicially sanctioned change in the legal relationship of the parties. *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and*

---

[1] Defendant also seeks recovery of its taxable costs pursuant to 28 U.S.C. §1920 and its Motion for Costs filed on September 23, 2019 [D.E. 100].

*Human Resources*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). The Eleventh Circuit has interpreted this to mean that "there must be: (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties. *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904-905 (11th Cir. 2003). In this case, Defendant won on the merits of its claims when the Court entered the Order Granting Defendant's Motion for Summary Judgment [**D.E. 96**] and the Final Judgment [**D.E. 98**] in favor of Defendant, thereby making Defendant the prevailing party.

A prevailing defendant in an action brought under Title VII of the Civil Rights Act of 1964 may recover attorney's fees upon a finding that the plaintiff's action was groundless, frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Christiansburg Garment Co. v.  Equal Employment Opportunity Comm'n*, 434 U.S. 412, 413 (1977). The frivolity, unreasonableness and/or groundlessness of a claim is determined on a case-by-case basis. *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1190 (11th Cir. 1985). In determining whether a plaintiff's claim was frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Id.* at 1189 (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)).

To aid in answering this question, the Eleventh Judicial Circuit has identified several relevant factors to be taken into consideration: (1) whether the plaintiff has established a prima facie case; (2) whether the defendant offered to settle; (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits; and (4) the attention given to the claim by the Court. *See Sullivan*, 773 F.2d at 1189; *and see*, *Cohen v. World Omni Fin. Corp.*, 457 F. App'x 822, 828 (11th Cir. 2012).

3

Defendant is entitled to an award of attorney's fees against Plaintiff as part of Defendant's costs pursuant to 42 U.S.C. §2000e-5(k) and 29 U.S.C. §794a(b). Plaintiff's claims were frivolous, unreasonable, groundless and/or without foundation as all four (4) of the relevant factors enumerated hereinabove weigh against the Plaintiff and in favor of the Defendant. Plaintiff's claims of discrimination were without foundation from the onset of litigation in this case and Plaintiff continued to litigate even after it became apparent that there was no legal or factual support for her claim that she was discriminated against because of her pregnancy.

As for the first factor, this Court has expressly found that Plaintiff failed to establish a prima facie case. Page 11 of Order Granting Defendant's Motion for Summary Judgment, D.E. 96, states "Plaintiff has failed to establish a prima facie case ..." As such, the first factor of whether Plaintiff has established a prima facie case is easily met here in favor of the Defendant.

As for the second factor, while the Defendant had previously made an offer of settlement to Plaintiff, the second factor still weighs in favor of Defendant as the Defendant's settlement offer was nominal compared with the amount sought by Plaintiff and the cost of litigating Plaintiff's claim. *See Hamilton v. Sheridan Healthcorp., Inc.*, 700 F. App'x 883, 885 (11th Cir. 2017) (finding that the second factor weighted in favor of a frivolity finding where "the defendants made only a nominal settlement offer" in "comparison with [the plaintiff]'s demand and the cost of litigation"); *and see*, *Cohen*, 457 F. App'x at 830 (stating that "[t]he second factor, a defendant's offer to settle, weigh[ed] in [the defendant]'s favor" where "[the defendant] asserted in its motion for attorneys' fees that it had not made a large settlement offer"). Specifically, Defendant made an Offer of Judgment to Plaintiff pursuant to Rule 68 for the sum of $3,500.00 on or about April 24, 2019. However, Plaintiff's demand against Defendant was in excess of $70,000.00 and the amount of attorney's fees spent litigating Plaintiff's claims were in excess of $75,000.00 In comparison with

4

Plaintiff's demand of more than $70,000.00 and the amount of fees expended in litigating this matter, Defendant's offer to settle for $3,500.00 was small and nominal. As such, the second factor should be determined to be in favor of Defendant.

As for the third factor, this matter did not proceed to trial, but rather was dealt with prior to trial as the Court granted Defendant's Motion for Summary Judgment. *See* D.E. 96. As Defendant's Motion for Summary Judgment was granted and the instant matter did not proceed to trial, the third factor weighs in favor of Defendant. *See Cohen*, 457 F. App'x at 830 (stating that the third factor weighed in the defendant's favor because the granting of summary judgment was upheld and trial precluded); *and see*, *Beach Blitz Co. v. City of Miami Beach*, 2019 U.S. Dist. LEXIS 9272 at *1, *11 (S. D. Fla., January 17, 2019) (finding that the third factor favored defendants as the case was dismissed on the motion to dismiss stage and did not proceed to trial).

Lastly, while the Court in this case issued a lengthy and detailed Order Granting Defendant's Motion for Summary Judgment, D.E. 96, the fourth factor also weighs in favor of Defendant as the Court directed a significant number of pages of the Order to identifying the defects in Plaintiff's claims and improper attempts to get past summary judgment. *See Beach Blitz Co.*, 2019 U.S. Dist. LEXIS 9272 at *13-14 (finding that "although the Court's Order dismissing the plaintiff's claims was lengthy and detailed, the Order's length and in-depth analysis is not indicative that the plaintiff's claims were not frivolous in the context of awarding fees to defendants"); *and see*, *Hamilton*, 700 F. App'x. at 886 (finding that the district court's granting of summary judgment on plaintiff's claims nine months after the case was filed and the fact that the district court had to adjudicate some discovery skirmishes did not suggest that the case merited careful attention and review pursuant to the fourth factor). Further, at no point in the Court's Order Granting Defendant's Motion for Summary Judgment, D.E. 96, does this Court indicate that it was

dealing with a nuanced and/or novel area of the law nor that it was making a close call in granting the Defendant summary judgment. *See Beach Blitz Co.*, 2019 U.S. Dist. LEXIS 9272 at \*13-14. In light of the fact that all four (4) of the factors weigh in favor of Defendant, this Court should find that the Plaintiff's claim was frivolous, unreasonable and/or groundless and that an award of attorney's fees and costs in favor of Defendant and against Plaintiff are appropriate.

As the Florida Civil Rights Act is modeled on Title VII, Florida Courts apply Title VII caselaw when interpreting the Florida Civil Rights Act. *Jones v. United Space Alliance, LLC*, 494 F. 3d 1306, 1310 (11th Cir. 2007). Accordingly, the standard to be applied for a prevailing party attorney's fees as costs determination is the same under 42 U.S.C. §2000e-5(k) and Section 760.021(4), Fla. Stat. *See id.*; *and see*, *Humane Soc'y of Broward County, Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 970 n.1 (Fla. 4th DCA 2007) (stating that Florida has expressly adopted the *Christiansburg* standard for cases under the FCRA). As Defendant meets the *Christiansburg* standard and all factors weigh in favor of Defendant as explained hereinabove, Defendant is also entitled to its attorney's fees as costs pursuant to Section 760.021(4), Fla. Stat.

B. *The Calculation of Attorney's Fees to Which Plaintiff is Entitled is Based Upon the "Lodestar" Approach.*

As Defendant is entitled to its reasonable attorney's fees, the remaining issue is the amount of reasonable attorney's fees to be awarded. In determining the amount, the Court should use the "lodestar" approach, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate with the resulting number being the presumed reasonable fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1993, 76 L.Ed.2d 40 (1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886

6

(1984)). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* Other factors may be considered by a court, such as (1) direct evidence of fees charged by other lawyers in similar lawsuits, (2) opinion evidence, and (3) the twelve factors enumerated in *Johnson. Id.* at 1299-1300.

In defense of the claims brought by Plaintiff against Defendant, Defendant seeks reimbursement of attorney's fees in the total amount of $77,097.00 (plus interest).[2] These fees include 253.2 attorney hours and 50 paralegal hours. The invoices attached hereto as **Exhibit "1"** substantiate the reasonable fees for the undersigned counsel's work performed in defending against Plaintiff's claims.

**Southern District of Florida**
**Local Rule 7.3 Requirements**

I.      **The Judgment Giving Rise to This Motion, And the Statute, Rule or Other Grounds Entitling Defendant to the Award.**

The Court's Order granting Defendant's Motion to for Summary Judgment [D.E. 96] and the Final Judgment [D.E. 98] are the orders giving rise to this Motion. The statutes entitling Defendant to an award of attorneys' fees incurred in this matter are 42 U.S.C. §2000e-5(k), 29 U.S.C. §794a(b) and Section 760.021(4), Florida Statutes.

II.     **The Amount Sought.**

As set forth herein, Defendant seeks approximately $77,097.00 in attorney's fees incurred in this matter. *See* **Exhibit "1"** invoices attached hereto. The undersigned counsel expended a reasonable number of hours in defense of this case. This lawsuit was litigated for over ten (10) months, from the filing of Plaintiff's Complaint to the Court's entry of Final Judgment. During

---

[2] Defendant is also entitled to interest on any attorney's fees ultimately awarded in this matter. *See, e.g.*, *Copper Liquor, Inc. v. Adolph Coors, Co.*, 701 4.2d 542 (5th Cir. 1983) (awarding interest on fees from the date of the original judgment).

that time, numerous discovery requests were propounded by Plaintiff, responded to by Defendant and discovery conferences held. Additionally, based solely on the antics of Plaintiff and her counsel, Defendant was forced to expend additional resources in connection with Defendant's Motion for Summary Judgment, which ultimately became dispositive of the case, as several replies and sur-replies were required, and a hearing held before the Court. Additionally, several depositions were conducted in this matter. Defendant further served an Offer of Judgment on Plaintiff which went ignored. Defendant has spared no expense in defending this case due in large part to Plaintiff's audacity and tenacity in the latter part of the litigation in this matter.

In light of the foregoing, Defendant's counsel expended a reasonable amount of time defending this litigation given the nature of the case. Defendant utilized the services of two (2) partners, an associate and a paralegal. To reduce costs, a number of the hours were expended by associate Megan H. Conkey, Esq. at a lower hourly rate. Additionally, counsel had a paralegal perform work in this matter also at a lower hourly rate.

### III.     Terms of Any Applicable Fee Agreement.

This motion is verified by Miguel Armenteros, Esq. with the law firm of Annesser Armenteros, PLLC, 2525 Ponce De Leon Blvd., Suite 625, Coral Gables, Florida 33134. Miguel Armenteros, Esq. has been counsel of record for Defendant, duly authorized records custodian for Annesser Armenteros, PLLC and has personal knowledge of all matters contained within this Motion. Miguel Armenteros, Esq. is a licensed attorney and member in good standing of the Bar of the State of Florida.

Work performed for Defendant by the undersigned counsel in this case was at a discount from counsel's standard hourly rates. A written fee agreement was entered into between Annesser

Armenteros, PLLC and Defendant. Defendant agreed to pay Annesser Armenteros, PLLC at the discounted rates provided below:

| Attorney | Standard Rate | Discounted Rate |
|---|---|---|
| Miguel Armenteros, Esq. | $450.00 | $350.00 |
| John W. Annesser, Esq. | $450.00 | $350.00 |
| Megan H. Conkey, Esq. | $300.00 | $250.00 |
| Linda Conley, Paralegal | $120.00 | $110.00 |

Counsel for Defendant charged reasonable hourly rates for its lawyers given the firm's size, reputation, resources and experience level of the respective attorneys who worked on the case. The lead counsel on the case, Miguel Armenteros, Esq., charged reasonable billable hourly rates that are in the approximate range of the prevailing market range for attorneys in similarly sized firms who specialize in labor and employment law with similar skill and experience. As such, the lodestar figure of $77,097.00 is a reasonable attorney's fee to be charged for the legal services provided to Defendant in this matter.

IV.    **Identity of Each Timekeeper, The Number of Hours Reasonably Expended, Tasks Done During Those Hours and Hourly Rates.**

Please refer to the following, which are incorporated herein by reference: all invoices containing rates, number of hours reasonably expended, and description of tasks performed by each timekeeper, attached hereto as **Exhibit "1"**.

V.    **Verification**

Under penalty of perjury, I declare that I have read Defendant's Motion for Attorney's Fees and Incorporated Memorandum of Law, and the facts alleged herein are true and correct to the best of my knowledge and belief.

_____
Miguel Armenteros, Esq.

## VI.    Certificate of Good Faith Conferral

Pursuant to Local Rule 7.3(d), Defendant certifies that a draft Motion was served via e-mail to counsel for the Plaintiff, but not filed, on September 23, 2019, thirty (30) days prior to the deadline for filing said Motion.

I hereby certify that in accordance with S.D. Fla. Local Rule 7.1(a)(3), counsel for Defendant attempted to confer with Defendant's counsel on September 23, 2019, on September 30, 2019 and on October 7, 2019 by email. On October 10, 2019, a conference was had wherein counsel for Plaintiff objected, generally, to the relief sought in this Motion.  Albeit, Plaintiff did not object to the reasonableness of the hourly rates. As of the date of the filing of this Motion, counsel for Plaintiff has not provided objections with reasonable particularity as to specific time entries.

Respectfully submitted, October 22, 2019.

/s/ Miguel Armenteros
Miguel Armenteros, Esq.
Fla. Bar No. 14929
John W. Annesser, Esq.
Fla. Bar No. 98233
miguel@aa-firm.com
service@aa-firm.com
jannesser@aa-firm.com
lconley@aa-firm.com
ANNESSER ARMENTEROS, PLLC
2525 Ponce de Leon Blvd, Suite 625
Coral Gables, FL  33134
(786) 600-7446   Telephone
(786) 607-3022   Facsimile
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2019 a true and correct copy of the foregoing was electronically filed with the Clerk using the Court's CM/ECF System which will provide a notice of electronic filing upon all counsel of record, including:

Lowell J. Kuvin, Esq.
Law Office of Lowell J. Kuvin, LLC
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305-358-6800
Fax: 305-358-6808
*Counsel for Plaintiff*
lowell@kuvinlaw.com
esther@kuvinlaw.com
sunny@kuvinlaw.com

*/s/ Miguel Armenteros*
Miguel Armenteros, Esq.

11